CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHu

JUL 25 2011

JULIA C. DUDLEY, CLERK
BY: HMcDcnaod
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUDSON WITHAM, <br>     Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:11-cv-00354 |
| v. | ) <br> ) | MEMORANDUM OPINION |
| N.R.V.R.J., et al., <br>     Defendants. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Judson Witham, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the New River Valley Regional Jail[1] ("Jail"), the Floyd County Sheriff's Office, Carmen Sharon, and Unknown. Plaintiff complains that he is being falsely accused of a crime and is being prosecuted only because of a conspiracy. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

---

[1] Plaintiff abbreviated the Jail's name with its initials.

quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to name a person subject to liability via §1983. Neither the Floyd County Sheriff's Office nor the Jail are appropriate defendants in a § 1983 action. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning jails are not appropriate defendants to a § 1983 action). See also Will v. Michigan Dep't of State Police, 491

U.S. 58, 70 (1989) (stating states nor governmental entities that are considered arms of the state are persons under § 1983). Plaintiff fails to identify Unknown or describe how Carmen Sharon or Unknown relate to his legal action. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982) (stating reliance on "unknown" defendants is not favored in federal litigation). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and I dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may refile his claims as a new and separate action at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 25th day of July, 2011.

Senior United States District Judge